# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERTINO VASQUEZ, | : | 1:12-cv-0366 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| UNICOR, *et al.*, | : | |
| Defendant. | : | |

## MEMORANDUM & ORDER

### March 19, 2013

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Chief Magistrate Judge Martin C. Carlson (doc. 50), filed February 26, 2013, which recommends that we grant the Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment (doc. 32) and dismiss the Plaintiff's Amended Complaint (doc. 11) without prejudice. Objections were due on or before March 15, 2013 and to date none have been filed. Thus, this matter is ripe for our review. For the reasons stated herein, we shall adopt the R&R to the extent that it recommends dismissal of Plaintiff's FTCA and constitutional claims but reject it to the extent that it might be read to conclude that leave to amend be granted with respect to the procedurally-barred FTCA claims.

## I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. DISCUSSION

*Pro se* Plaintiff Robertino Vasquez ("Vasquez") filed a Complaint (doc. 1) on February 27, 2012, alleging both *Bivens*[1] claims and institutional negligence claims

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

pursuant to the Federal Tort Claims Act ("FTCA"). The claims are asserted against various medical and non-medical prison staff and UNICOR Federal Prison Industries, a wholly owned United States government corporation that uses labor from the United States Bureau of Prisons to produce goods and services. Vasquez filed an Amended Complaint (doc. 11) on April 4, 2012 and a supplement thereto (doc. 21) on May 7, 2012. Vasquez's claims arise from a prison industrial accident that occurred on May 19, 2011 in the UNICOR factory at LSCI Allenwood. On that day, a brush that Vasquez was using to clean a cold press glue machine became lodged in the machine's roller, the ultimate result being that Vasquez's hand was pulled through the machine, crushing his arm and causing extensive damage.

According to Vasquez's pleadings, the Defendants failed to properly train him to operate the machinery and failed to provide appropriate medical treatment. Specifically, Vasquez alleges that he was to receive training from prison staff on how to safely and properly clean the glue machine but was trained by a fellow inmate instead. Vasquez also asserts that several of the Defendants observed and sanctioned his cleaning method without correcting it. Vasquez alleges that he was denied an MRI or treatment from an outside neurologist and received only five physical therapy sessions despite the damage to his arm. Vasquez avers that he was

then fired by UNICOR and denied workers' compensation, and that the incident report placed full blame for the incident on him.

Magistrate Judge Carlson first addressed the Defendants' administrative exhaustion arguments and concluded that Vasquez's FTCA claim is procedurally barred by operation of the Inmate Accident Compensation System. As Judge Carlson cogently and correctly observed, the United States Supreme Court has held that the Inmate Accident Compensation System, 18 U.S.C. § 4126, is the *exclusive* remedy for federal inmate work-related accidents and injuries. *United States v. Demko*, 385 U.S. 149, 152 (1966) ("[R]ecovery under the prison compensation law is exclusive."). Accordingly, adjudication of Vasquez's FTCA claim in any district court is premature.

Judge Carlson also concluded that Vasquez has failed to state a viable Eighth Amendment claim under *Bivens* because his pleadings do not establish the requisite level of deliberate indifference by any individual Defendant. Applying the Eighth Amendment benchmarks articulated in *Fuentes v. Wagner*, 206 F.3d 335, 344-45 (3d Cir. 2000), Judge Carlson concluded that Vasquez's allegations fall well short of establishing that any Defendant possessed the requisite state of mind to fall within the constitutional zone of protections. Accordingly, the R&R recommends

dismissal of these constitutional claims as a result of Vasquez's failure to establish an essential element thereof.

As we have already noted, neither party has filed objections to the R&R. Upon review of the parties' submissions, we agree with the sound reasoning that led the Magistrate Judge to the conclusions reached in the R&R, and we will adopt the R&R to the extent it recommends dismissal of Vasquez's claims.[2] We disagree with Judge Carlson's recommended disposition to the limited extent that the R&R can be read to conclude that dismissal without prejudice is appropriate on both the constitutional *and* FTCA claims. In light of the comprehensive exhaustion bar established by the Inmate Accident Compensation System, we cannot conclude that any amendment could cure the deficiencies of this claim. Accordingly, leave to amend is granted only as to the Eight Amendment *Bivens* claims, consistent with the rule of *Fletcher-Hardee Corp.*, 482 F.3d 247, 253 (3d Cir. 2007) ("In civil rights cases district courts must offer amendment . . . unless doing so would be inequitable or futile.").

---

[2] With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge in full; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation of Chief Magistrate Judge Carlson (doc. 10) is **ADOPTED** to the extent that it recommends that the Plaintiff's claims be dismissed but **REJECTED** to the limited extent that the R&R recommends non-prejudicial dismissal with respect to the Plaintiff's FTCA claims.

2. The Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment (doc. 32) is **GRANTED**. The Plaintiff's claims under the Federal Tort Claims Act are **DISMISSED** with prejudice. The Plaintiff's *Bivens* claims premised upon alleged violations of the Eighth Amendment are **DISMISSED** without prejudice.

3. The Plaintiff is **GRANTED** leave to amend his *Bivens* claims within twenty (20) days of the date of this Order to the extent that there are facts which, if true, support those claims. If the Plaintiff does not file an amended pleading in that time, the Clerk will close this case.

s/ John E. Jones III  
John E. Jones III  
United States District Judge